```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION AT LEXINGTON
```

ETHEL RAE HENDERSON,            )
                                )
    Plaintiff,                  ) Civil Action No. 10-cv-238-JMH
                                )
v.                              )
                                )
MICHAEL J. ASTRUE,              ) **MEMORANDUM OPINION AND ORDER**
Commissioner of Social          )
Security,                       )
                                )
    Defendant.                  )

                    \*\*    \*\*    \*\*    \*\*    \*\*

This matter is before the Court upon cross-motions for summary judgment on Plaintiff's appeal of the Commissioner's denial of her application for Disability Insurance Benefits [Record No. 9 and 13].[1] The Court, having reviewed the record and being otherwise sufficiently advised, will deny Plaintiff's motion and grant Defendant's motion.

**I.    OVERVIEW OF THE PROCESS**

The Administrative Law Judge ("ALJ"), in determining disability, conducts a five-step analysis:

> 1.    An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.
>
> 2.    An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.

> 4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.
>
> 5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994)(citing 20 C.F.R. § 404.1520). The claimant bears the burden of proof to show that he is disabled through the first four steps. *Id.* If the claimant has not been found disabled through the first four steps, however, the burden of proof shifts to the Secretary of Health and Human Services. *Id.*

## II. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by

substantial evidence and whether the ALJ employed the proper legal standards in reaching his conclusion. *See* 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001); *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

### III. FACTUAL BACKGROUND

Plaintiff suffers from "inflammatory bowel disease; gastritis and hypothyroidism." [Tr. 14]. Plaintiff has testified that these ailments have led to her experiencing pain while mopping or sweeping and feeling too weak to bathe or stand on her own. [Tr. 16]. Plaintiff has also testified that she has trouble eating and experiences "bowel 'accidents' in public" as a result of these issues. Plaintiff relies on this evidence as well as her treating physician's response to a Residual Function Capacity ("RFC") questionnaire in her effort to establish "a 'severe' impairment which significantly limits [her] physical or mental ability to do basic work activities." *See Preslar*, 14 F.3d at 1110.

The ALJ, however, has found that Plaintiff has not made the requisite showing of a significant limitation necessary to continue past step two of the five-step analysis used to determine if Plaintiff is disabled. [Tr. 16]. In particular, the ALJ found

3

Plaintiff's statements regarding the severity of her symptoms and the limitations caused by her impairments incredible as a result of inconsistencies with her testimony regarding her ability to perform household and social activities. *Id*. The ALJ also found inconsistencies in the treating physician's medical response to the RFC questionnaire regarding Plaintiff's weakness, fatigue, and bilateral grip strength and foot strength and later statements in that same response that Plaintiff could "climb ladders, ropes and scaffolds frequently, and kneel, crouch, crawl and stoop without difficulty." *Id*. Thus, the ALJ found that Plaintiff had failed to show an impairment that significantly limited her ability to perform basic work activities and that Plaintiff is not disabled. *Id.*

**IV. DISCUSSION**

Step two of the five-step analysis sets out a de minimis hurdle that a claimant must overcome before an ALJ begins an individual consideration of claimant's vocational situation. *See Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988) (citations omitted). Thus, step two, or as the Plaintiff calls it, the non-severity step, serves as "an administrative convenience [meant] to screen out claims that are 'totally groundless' solely from a medical standpoint." *Id.* at 863 (citing *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 89 n.1 (6th Cir. 1985)). The claimant, therefore, carries the "burden to prove the severity of

4

her impairments" and an ALJ may find that a claimant is not disabled if the claimant fails to show that her impairment significantly limits her ability to do basic work activities like "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, [] handling," or other basic work activities described in regulation. *Id.;* 20 C.F.R. § 404.1521. Thus, an impairment is "not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education and experience." *Higgs*, 880 F.2d at 862 (citing *Farris*, 773 F.2d at 90).

Plaintiff argues that she has shown a severe impairment through her treating physician's response to a RFC questionnaire. [Record No. 9-1, p. 7]; [Tr. 276-79]. A treating physician's medical opinion and diagnosis should receive substantial deference when considering whether a claimant has shown a severe impairment and complete deference if that opinion is uncontradicted. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985) (citing *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984)). Plaintiff argues that since no other medical opinions exist as to her RFC, the opinion of Dr. Rezkalla Butros, her treating physician, submitted in response to the questionnaire deserves complete deference. An ALJ, however, "determine[s] a claimant's residual functional capacity, considering 'numerous factors' including 'medical evidence, non-medical evidence, and the claimant's credibility.'" *Reynolds v. Comm'r of Soc. Sec.,* No. 09-2060, 2011 U.S. App. LEXIS 6854, at *15

5

(6th Cir. 2011) (citation omitted) (unpublished decision); *see also* SSR No. 96-5p, 1996 SSR LEXIS 2 (July 2, 1996), at *12-13 ("A medical source's statement about what an individual can still do is medical opinion evidence that an adjudicator must consider together with all of the other relevant evidence (including other medical source statements that may be in the case record) when assessing an individual's RFC."). Thus, while Dr. Butros deserves substantial deference in her "medical opinions and diagnoses" of Plaintiff, the ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).

The ALJ, therefore, acted properly in giving little weight to Dr. Butros' RFC assessment in making his determination that Plaintiff had not shown a severe impairment. An ALJ must give "'good reasons' for not giving the opinions of a treating physician controlling weight." *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 286 (6th Cir. 2009) (quoting 20 C.F.R. § 404.1527(d)(2)). Good reasons include a lack of detail in a treating physician's opinion, a treating physician's opinion that contradicts other medical evidence in the record, and a treating physician's opinion that contradicts other opinions of the same treating physician already in the record. *Id.* In properly discounting Dr. Butros' RFC opinion, the ALJ stated that the "assessment is quite conclusory,

6

providing very little explanation of the evidence relied on in forming it." [Tr. 16]. Furthermore, the ALJ also noted the internal inconsistency presented in Dr. Butros' assessment of weakness, fatigue, and a bilateral grip strength and foot strength at 3/5 while "nonetheless concluding the claimant is able to climb ladders, ropes and scaffolds frequently, and kneel, crouch, crawl and stoop without difficulty." [Tr. 16]; *see* [Tr. 277]. The ALJ, therefore, need not give controlling weight to Dr. Butros' assessment of Plaintiff's RFC, regardless of whether another medical opinion directly contradicts Dr. Butros' assessment.

Furthermore, substantial evidence supports the ALJ's finding that Plaintiff's extensive medical history detailed in the record and Plaintiff's motion does not show "an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work related activities . . . ." [Tr. 14]; *see also* 20 C.F.R. 404.1521. A claimant must "establish that his condition is disabling" regardless of a physician's diagnosis of the claimant's condition. *Foster v. Bowen*, 853 F.2d 483, 489 (6th Cir. 1998) (citation omitted). Plaintiff devotes a majority of her argument detailing symptoms, like diarrhea, anemia, abdominal pain, left middle finger pain, and general weakness and fatigue that led her to seek medical attention without discussing the duration or permanence of these ailments. [Record No. 9-1, p. 3-6]. Plaintiff notes, however,

7

that these symptoms have led to multiple diagnoses by her treating physicians including gastritis, a small hiatal hernia, Reynaud's syndrome, hypothyroidism and Crohn's disease, later determined not to be a misdiagnosis. *Id.; see* [Tr. 15] ("A colonoscopy performed in February 2007 [] revealed no evidence of Crohn's disease.") These diagnoses are not enough, however, to establish a severe impairment. While Plaintiff relies on Dr. Butros' response to an RFC questionnaire as evidence of significant limitations on her ability to do basic work activities, this Memorandum Opinion and Order has already held that the ALJ properly discounted this evidence leaving Plaintiff only with her subjective complaints as evidence in support of her claim.

While a claimant's subjective complaints can support a claim of disability when supported with objective medical evidence, the ALJ may consider the credibility of those complaints in making a disability determination. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475-76 (6th Cir. 2003). In making this determination, "an ALJ may consider household and social activities in evaluating" Plaintiff's subjective complaints. *Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). Plaintiff has testified that her ailments made her too weak to stand, that she experienced pain mopping or sweeping, that she had trouble eating, and that she experiences "bowel 'accidents' in public that are very embarrassing." [Tr. 15-16]. The ALJ noted, however, that the "the

claimant is able to visit with her mother; do laundry; accompany her husband grocery shopping; go to church sometimes; watch television; prepare small meals; wash dishes; sit in her rose garden for enjoyment; and visit with her grandchildren." [Tr. 16] (citing Tr. 28-40, 125-28, 147-53). As stated by the ALJ in his ruling, Plaintiff's ability to participate in these household and social activities supports, at the least, a partial adverse credibility finding and weighs in favor of the ALJ's determination that Plaintiff is not disabled. *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004) (affirming an ALJ's partial adverse credibility assessment for a claimant that claimed to experience disabling pain but was able to "manage his personal hygiene, pick a coin off a table, vacuum, drive short distances and wash spoons and forks).

Medical evidence in the record also supports the ALJ's finding that Plaintiff has not shown a severe impairment. Plaintiff has failed to show that Plaintiff's illnesses resulted in "any sustained unintentional weight loss or nutritional deficits causing more than minimal limitation in ability to perform basic work-related activities." [Tr. 16]; *see also* [Record No. 13] (citing Tr. 249, 259, 270) (noting that Plaintiff's weight has remained between 114 and 119 pounds). When combined with a normal colonoscopy performed in February 2007, the ALJ had substantial evidence to find that Plaintiff had not shown gastrointestinal

issues so severe as to significantly limit Plaintiff's ability to perform basic work activities through abdominal pain, intermittent diarrhea or gastritis associated with her conditions. *See e.g., Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993) (finding that a normal colonoscopy, no weight loss and failure to mention abdominal pain or diarrhea to a consulting physician provided substantial evidence for a finding that claimant did not suffer from diabetes that was disabling as a result of chronic diarrhea). In addition, the ALJ noted the claimant takes no medication "other than over-the-counter Imodium" for her gastrointestinal issues and prescription Synthroid for her hypothyroidism. *Id.* This non-aggressive treatment of claimant's symptoms undercuts Plaintiff's claim of a severe impairment. *See e.g, Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) ("[Plaintiff's] use of only mild medications (aspirin) undercuts complaints of disabling pain . . . as does his failure to seek [further treatment.]"); *Kimbrough v. Sec'y of Health & Human Servs.*, 801 F.2d 794, 797 (6th Cir. 1986) ("Objective tests and mild medication taken by claimant do not bear out the severity of claimant's pain."). Thus, after considering Plaintiff's ability to perform household and social activities, conflicting diagnoses and opinions from Plaintiff's doctors and a non-aggressive approach to Plaintiff's ailments, this Court finds "a reasonable mind might accept this evidence as adequate to

support a conclusion" that Plaintiff has not shown she is disabled. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). This Court, therefore, shall grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment.

V.  **CONCLUSION**

The ALJ properly discounted both Dr. Butros' response to an RFC questionnaire and Plaintiff's testimony regarding the intensity of her impairment as both had internal inconsistencies as well as inconsistencies with other evidence in the record. Furthermore, Plaintiff's testimony and other medical evidence provides substantial evidence in support of the ALJ's finding that Plaintiff has not shown "an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities" and that Plaintiff is not disabled.

Accordingly, **IT IS ORDERED**:

(1) Plaintiff's Motion for Summary judgment [Record No. 9] is **DENIED**; and

(2) Defendant's Motion for Summary Judgment [Record No. 13] is **GRANTED**.

This the 16th day of August, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge